The STATE of Ohio, Appellee,

v.

CAMPBELL, Appellant.

[Cite as *State v. Campbell* (1999), 132 Ohio App.3d 880.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–98–57.

Decided June 18, 1999.

*R. Larry Schneider,* Union County Prosecuting Attorney, and *David W. Phillips III,* Assistant Prosecuting Attorney, for appellee.

*Lou Friscoe,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

Franklin Campbell, Sr. appeals from the judgment entered in the Marysville Municipal Court, Union County, Ohio, denying his motion for a new trial.

On November 23, 1998, Campbell was tried to the bench without the assistance of counsel. Campbell was found guilty of committing his third OMVI[1] offense

---

1. Operating a motor vehicle while under the influence of alcohol and/or drugs.

within six years in violation of R.C. 4511.19(A)(1) and R.C. 4511.99(A)(3)(a). Campbell was sentenced to serve 365 days in jail, with thirty days mandatory. The court did suspend one hundred fifty days of Campbell's jail term and placed Campbell on probation for five years. In addition, Campbell's operator's license was suspended for ten years and Campbell was fined $2,500. On November 30, 1998, Campbell filed a motion for a new trial. Therein, Campbell claimed that the trial court's refusal to appoint counsel for him before he was tried on the charge that he committed a third OMVI offense within six years, was an irregularity in the proceedings that denied him a fair trial. On December 16, 1998, the trial court denied Campbell's motion for a new trial. Campbell appeals from that judgment and raises one assignment of error:

"The trial court erred in denying appellant's right to counsel, in requiring appellant to proceed to trial without counsel, and in overruling appellant's motion for a new trial."

Campbell's assignment of error alleges that the trial court erred when it denied his motion for a new trial because Campbell was tried without the assistance of counsel. The standard of review over whether a trial court erred when denying a motion for new trial is whether the trial court abused its discretion when entering such judgment. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 76, 564 N.E.2d 54, 61–62, paragraph one of the syllabus. The grounds for a new trial are set forth in Crim. R. 33(A)(1)–(6). Crim.R. 33(A)(1) states:

"(A) A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial."

Campbell argues that the trial court's failure to comply with Crim. R. 44(C) was the irregularity in the proceedings that denied him a fair trial. Crim. R. 44 provides:

"(A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully

advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

"(D) Assignment procedure. The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."

■ The first issue we must determine is whether noncompliance with Crim. R. 44(C) is a sufficient irregularity to prevent an accused from having a fair trial for purposes of granting a new trial pursuant to Crim.R. 33(A). Compliance with Crim.R. 44 ensures that an accused facing a term of incarceration is not tried without the assistance of counsel unless the accused knowingly, intelligently, and voluntarily waives his right to counsel. Crim.R. 44(A) and (B). Because this procedural rule bears on a defendant's constitutionally protected right to have the assistance of counsel, a defendant tried in violation of the protections afforded by Crim.R. 44 could not have been tried fairly. Crim.R. 33(A); Sixth and Fourteenth Amendments to the United States Constitution; and *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399.

■ Crim.R. 44 distinguishes petty offenses from serious offenses. Crim.R. 44(A) and (B). An accused charged with a "petty offense" may not be sentenced to "confinement" unless the record demonstrates the accused knowingly, intelligently, and voluntarily waived his right to counsel. Crim.R. 44(B); and see, *e.g., State v. Ebersole* (1995), 107 Ohio App.3d 288, 668 N.E.2d 934 (though waiver of counsel may be implied in petty offense cases, the record must sufficiently demonstrate an implied waiver). In "serious offense" cases, a defendant's waiver of counsel may not be inferred, but "shall be in writing." Crim.R. 44(C). However, substantial compliance with the written waiver requirement occurs if the record indicates that "the substance and the spirit of the rule" has been complied with. *State v. Overholt* (1991), 77 Ohio App.3d 111, 115, 601 N.E.2d 116, 118 (appellant's "handwritten 'request to represent myself and defend myself'" was determined sufficient to waive counsel in a serious offense case), appeal dismissed, (1992), 62 Ohio St.3d 1500, 583 N.E.2d 971.

■ Here, the state argues that appellant's waiver of counsel can be inferred from the totality of the circumstances of this case. As noted, inquiry into whether an accused implicitly waived counsel is only relevant in petty offense cases. See *Ebersole, supra.* The state's argument, therefore, presumes that Campbell was charged with a petty offense. A "petty offense" is defined as a "misdemeanor other than a serious offense." Crim.R. 2(D). A "serious offense"

is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

█ Here, Campbell was charged with committing his third OMVI offense within six years in violation of R.C. 4511.19(A)(1) and 4511.99(A)(3)(a). A person convicted of his third OMVI offense within a six years shall be sentenced to a term of "imprisonment of thirty consecutive days and may [be] sentence[d] * * * to a longer definite term of imprisonment *of not more than one year.*" (Emphasis added.) R.C. 4511.99(A)(3)(a) Accordingly, it is clear that Campbell was charged with an offense "for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C); R.C. 4511.99(A)(3)(a); see also, *State v. Garris* (1998), 128 Ohio App.3d 126, 713 N.E.2d 1135 (holding a person charged with a third OMVI offense within six years faces a serious offense for purposes of waiving his right to counsel and a jury trial). While a third OMVI offense within six years is not specifically classified as a "felony" or "misdemeanor" offense, it is clear that such offense is punished as a "serious offense." Crim.R. 2(C).

█ Accordingly, Campbell was charged and tried on a charge that he had committed his third OMVI offense within six years, a "serious offense." *Garris, supra.* However, the state does not argue and the record does not reflect that Campbell executed a *written* waiver of his right to counsel pursuant to Crim.R. 44(C). Because Campbell was tried on a serious offense case without the assistance of counsel and without sufficiently waiving his right to counsel, the trial court did violate Crim.R. 44. In addition, the trial court's determination that Campbell implicitly waived his right to counsel was an irregularity that denied Campbell a fair trial. Crim.R. 33(A). Therefore, the trial court abused its discretion when it denied Campbell's motion for a new trial. *Schiebel, supra.*

Campbell's assignment of error is sustained, the judgment of the Marysville Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the law relating to "serious offense" cases.

*Judgment reversed*
*and cause remanded.*

HADLEY, J., concurs.

WALTERS, J., concurs separately

WALTERS, Judge, concurring separately.

While I concur with the result reached by the majority herein, I must respectfully do so for reasons other than those cited by the majority.

The decision of the majority expressed heretofore relies on a failure by the trial court to comply with Crim.R. 44(C). Neither the record nor the briefs make any suggestion that the appellant at any time waived counsel in any fashion. I think the error here is more fundamental than that.

Every criminal defendant is afforded the right to counsel. Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I, Ohio Constitution. "It is the duty of the trial court in a criminal case to inquire fully into the circumstances impinging upon an accused's claimed inability to obtain counsel and his consequent need for assistance in employing counsel, or for the assistance of court-appointed counsel." *State v. Tymcio* (1975), 42 Ohio St.2d 39, 71 O.O.2d 22, 325 N.E.2d 556, paragraph three of the syllabus.

The record before this court demonstrates the following colloquy between appellant and the court on the morning of trial:

"THE COURT: You asked for appointed counsel in the case, and I referred you to the Public Defender's office back on October 28th.

"MR. CAMPBELL: Yes, sir. The last time I was here and I talked to a gentleman when I left and then I called—I didn't know that the paperwork I had was supposed to go to his office, and he called me at my house approximately ten days ago or so, and I put it in the mail. That's the last time I heard it. I don't have it.

"THE COURT: Well, it apparently never made it there and we're ready to go. * * * Mr. Holtschulte filed a report with the Court November 20, and you never filed anything with their office, so he was unable to determine if you were eligible to appointment [*sic*] anybody and here we are. Can you think of any reason why we should delay it then?

"MR. CAMPBELL: Well, I'd like to have representation.

"THE COURT: What's that?

"MR. CAMPBELL: I said I'd like to have a lawyer.

"THE COURT: Well, I know. I'd like to have a big car too, you know. I realize that I have to do something to make that happen.

"MR. CAMPBELL: I understand, sir. When he called me at my house, I had the paperwork right in front of me. He told me he needed it. I put it in an envelope and mailed it the very next day.

"THE COURT: Well, you shifted the responsibility to your letter carrier and they [*sic*] may have failed you. Whose fault is that?

"MR. CAMPBELL: It's mine your honor.

"THE COURT: If you're asking me to delay the case, I'm not going to do it. You had more than a month. This is—well, actually, this is longer than I'd ordinarily delay one of these cases. We're going to take care of it today."

Thereafter, a trial to the bench was conducted, and appellant was convicted of the charge without the assistance of counsel.

While the record suggests that at least the trial court had previously made some preliminary determination of indigency sufficient to refer appellant to the public defender's office, the court may not abdicate its responsibility for a full inquiry by a simple referral. And furthermore, when a defendant appears at the next hearing without counsel, the court may not simply rely on its prior referral as a discharge of this duty to afford counsel. Many factors, other than simple indigency, may impinge upon a defendant's inability to obtain counsel, factors that may differ greatly from case to case.

Here, one can discern from the record that the trial court appeared upset by what might have been perceived to have been an attempt by appellant to frustrate a legitimate attempt to move this case to a trial level conclusion. However, the record does not demonstrate that there were any prior continuances granted or delaying tactics employed by the appellant, other than perhaps a failure to aggressively follow up on his referral to the public defender.

In any event, pursuant to *Tymcio, supra*, assistance of counsel must be provided to a defendant in a criminal trial. The trial court's failure to ensure that appellant obtained legal representation, whether through his own resources or at public expense, violated this mandate and constituted an irregularity in the proceedings and an abuse of discretion by the trial court, because of which the defendant was prevented from having a fair trial.