The STATE of Ohio, Appellee,

v.

McCONNELL, Appellee.

[Cite as *State v. McConnell* (2001), 143 Ohio App.3d 219.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14-2000-34.

Decided Jan. 22, 2001.

*Alison G. Boggs,* for appellee.

*Donald R. Jillisky* and *Michael J. Streng,* for appellant.

WALTERS, Judge.

Although this appeal was originally assigned to our accelerated calendar, we have elected to issue a full written opinion in accordance with Loc.R. 12(5).

The record demonstrates that the Union County Grand Jury issued an indictment against appellant, Kevin O. McConnell, on April 18, 1997, on four separate counts: felony DUI; assault on a peace officer; intimidation; and retaliation. Appellant initially entered a plea of not guilty to the charges. However, appellant later decided to withdraw the original plea and plead guilty to the indictment. The court accepted the change of plea in an entry dated July 3, 1997. Sentencing subsequently took place on August 12, 1997, wherein the trial court ordered appellant to serve eighteen months in prison on the DUI conviction, eighteen months on the assault, four years on the charge of intimidation, and three years on the charge of retaliation. The court ordered all terms to be served concurrently for a total of four years.

After serving approximately one hundred eighty days of his sentence, appellant filed a motion for early judicial release pursuant to R.C. 2929.20. The court apparently held a hearing on the matter and ultimately decided to grant the motion. According to the February 25, 1998 judgment entry, the remainder of appellant's four-year prison term was suspended, and he was placed on "commu-

nity control/probation" for a period of five years. As part of the conditions of judicial release, appellant was prohibited from consuming alcohol or entering an establishment that primarily serves alcohol.

Thereafter, on July 20, 2000, appellant's probation officer filed a notification of an alleged probation violation based upon information that appellant had recently tested positive for the consumption of alcohol and that he had entered a forbidden establishment. The matter came on for hearing on August 15, 2000. The transcript from the hearing indicates that appellant was unrepresented by counsel at the time. In response to the court's question as to whether appellant wished to have counsel present, appellant simply answered that he did not. Appellant then entered an admission to the alleged violations. At that point, the trial court revoked the previously granted judicial release and, rather than reinstating the remainder of the original four-year sentence, the court proceeded to impose a nine-year prison term on the original charges. This appeal followed. We note that we have elected to address appellant's two assignments of error outside their original sequence.

"Assignment of Error II

"Whether the sentences imposed on defendant-appellant are in violation of the Eighth Amendment to the United States Constitution, as well as Ohio Revised Code sections 2929.19(B)(5) and 2929.20(I)."

R.C. 2929.20 vests the trial courts with the authority to grant an "eligible offender" early judicial release from a period of incarceration. According to R.C. 2929.20(A), an "eligible offender" is "any person serving a stated prison term of ten years or less when either of the following applies: (1) The stated prison term does not include a mandatory prison term [or] (2) The stated prison term includes a mandatory prison term, and the person has served the mandatory prison term." R.C. 2929.20(B) provides that upon motion, the trial court may reduce the eligible offender's stated prison term, *i.e., the original prison sentence,* through early judicial release. We note that the concept of early judicial release was formerly referred to as "shock probation" prior to the sweeping changes made to Ohio's felony sentencing laws in 1996 under Senate Bill No. 2. See Griffin & Katz, Ohio Felony Sentencing Law (2000) 460, Section 4.25.1.

R.C. 2929.20(I) further governs the granting of early judicial release and the revocation thereof in the event that an offender violates a condition of the release:

"If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, and under the supervision of the department of probation serving the court, *and shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the*

*offender violates the sanction.* If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of community control sanction shall be no longer than five years. \* \* \*" (Emphasis added.)

In addressing the significance of the foregoing statute, this court has previously stated, "Contrary to the general felony sentencing scheme, which does not permit a trial court to place an offender on community control while, at the same time, imposing a suspended prison term, [R.C. 2929.20(I)] does allow a court to, in effect, suspend a prison sentence in the event that a motion for early judicial release has been granted. Additionally, if the conditions of that release are violated, the statute clearly provides that the trial court may 'reimpose' the suspended term \* \* \*." *State v. Gardner* (Dec. 1, 1999), Union App. No. 14–99–24, unreported, 1999 WL 1075424, at \* 3. We also observe the general rule that laws setting forth crimes or penalties shall be construed strictly against the state and liberally in favor of the accused. See R.C. 2901.04(A). "Construing [R.C. 2929.20(I)] most favorably for the offender \* \* \* the court is limited to imposing the balance of the original sentence" when faced with a violation of the conditions of early judicial release. Griffin & Katz, Ohio Felony Sentencing Law (2000) 460, Section 4.25.1.

It is apparent that the trial judge in this case believed that a violation of early judicial release authorized a total abandonment of the original concurrent prison sentence in order to replace it with a lengthier consecutive term. In response to appellant's obvious confusion with the decision, the following exchange took place:

"The Court: Do you understand that you're going to prison for nine years? You told me you didn't understand. I want to make sure you understand every step of it. Do you understand that? You're going to prison for nine years. Do you understand that?

"The Defendant: I don't understand it.

"The Court: You don't understand that you're going to prison for nine years? I don't know how much plainer I can make it.

"The Defendant: But, Your Honor, I was sentenced on this in August of '97.

"The Court: Yes.

"The Defendant: Sentenced to four years.

"The Court: I gave you a break, didn't I? You remember that?

"The Defendant: But now you're saying nine years.

"The Court: That's right.

"[The Defendant]: I don't understand how you can sentence me four years, then turn around and sentence me on nine years.

"The Court: Because I stopped that four years, didn't I? Absolutely stopped it, didn't I? I gave you a break."

■ There is no doubt that trial court's decision is in contravention of the plain, unambiguous language set forth in R.C. 2929.20. That is, R.C. 2929.20(I) permits a trial court merely to reinstate the reduced, original prison term upon a violation of the conditions of early judicial release. Indeed, according to the statute, the offender can experience an increase in prison time only if the court decides to order a consecutive sentence upon conviction for a new offense stemming from the violation. See R.C. 2929.20(I). Herein, appellant did not commit a new criminal offense by his acts of consuming alcohol and entering an establishment that primarily serves alcohol.

We emphasize that the rules regarding early judicial release should not be confused with the sections of the Revised Code dealing with a violation of an original sentence of community control. R.C. 2929.15(B) states:

"If the conditions of a community control sanction are violated, * * * the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."

■ Although the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release, R.C. 2929.15(B) unmistakably includes only those offenders who were initially sentenced to community-control sanctions. This statute permits a trial court to impose a prison term upon an offender in the event that the community-control sanctions are later violated. See also, *Gardner, supra,* at * 2.

■ In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence. As noted, early judicial release, formerly known as "shock probation," suspends merely the remainder of the prison sentence until the offender either

successfully completes the maximum five-year term of "community control" or violates the conditions of the release, in which case, the original prison sentence is reinstated with credit for time already served. R.C. 2929.20(I); *Gardner, supra.*

Therefore, based upon the foregoing, we find that the trial court erred in discarding appellant's original sentence and imposing a nine-year prison term on the 1997 convictions. Accordingly, appellant's second assignment of error must be sustained.

"Assignment of Error I

"Whether during proceedings for alleged violations of his community control sanctions, defendant-appellant was denied the right to counsel as provided by the Sixth and Fourteenth Amendments to the United States Constitution, as well as Rules 32.3(D) and 44(C) of the Ohio Rules of Criminal Procedure."

Although our previous discussion arguably renders appellant's first assignment of error moot, we find the assertions contained herein to be important enough to warrant a discussion. We begin our analysis with the Ohio Rules of Criminal Procedure. Crim.R. 32.3(B) states that an indigent defendant convicted of a "serious offense" shall be assigned counsel for a probation revocation hearing, "unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel." Most notably, Crim.R. 32.3(D) provides that an effective waiver of counsel must also conform to the rules set forth in Crim.R. 44(C), which states that "in serious offense cases the waiver shall be in writing." A "serious offense" is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C).

In this case, the record demonstrates that appellant was convicted of four felony offenses, clearly implicating the mandate contained in Crim.R. 44(C). This court recently explained, "Compliance with Crim.R. 44 ensures that an accused facing a term of incarceration is not tried without the assistance of counsel unless the accused knowingly, intelligently, and voluntarily waives his right to counsel." *State v. Campbell* (1999), 132 Ohio App.3d 880, 883, 726 N.E.2d 615, 617. In a serious offense case, the waiver may not be inferred but must be in writing. *Id.* Here, it is undisputed that appellant failed to execute a written waiver of counsel prior to or during the revocation hearing.

Nonetheless, the written-waiver requirement may be satisfied if the record indicates substantial compliance. *Id.* This occurs, however, only if "the substance and the spirit of the rule" have been realized. See, *e.g., State v. Overholt* (1991), 77 Ohio App.3d 111, 115, 601 N.E.2d 116, 118 (holding that the appellant's handwritten request to represent and defend himself was sufficient to waive counsel in a serious offense case). At the commencement of the hearing in

this case, the court merely inquired if appellant wished to have an attorney present. To that appellant stated, "No sir." We fail to see how this fleeting comment satisfies the "substance and spirit of the rule" in order to find substantial compliance with the written waiver requirement. Thus, because appellant was subject to trial on a serious offense case without the assistance of counsel and without sufficiently waiving his right to counsel in accordance with the Ohio Criminal Rules of Procedure, appellant's first assignment of error must be sustained as well.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court. The nine-year sentence is vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment of sentence vacated*
*and cause remanded.*

SHAW and THOMAS F. BRYANT, JJ., concur.