OPINION
Defendant-appellant David Kogelnik appeals the decision of the Common Pleas Court which reimposed his original sentence after revoking his community control sanction. A no merit brief was filed by appellate counsel who asked to withdraw. Appellant did not respond to our entry which advised that he could file a pro se brief. We must nonetheless undertake an independent review of the record before us. For the following reasons, the court's dispositional ruling is affirmed and counsel is permitted to withdraw.
In July 1993, appellant was indicted for one count of kidnapping and two counts of rape. Apparently, after being rejected by his date in the parking lot at Perkins in Boardman, he told her he would drive her home. Instead, he pulled into the K-Mart parking lot. When the woman tried to exit the car, he grabbed her arms and then covered her nose and mouth, making it difficult to breath. He then pulled down his pants and forced her to perform oral sex. He continued to press her head into his lap as he drove to an unknown location at which he vaginally raped the woman. In February 1994, he negotiated a plea by which he pled guilty to two counts of attempted rape and one count of attempted kidnapping. Besides lowering the charges, the state also agreed to recommend concurrent sentences and then stand silent. On April 28, 1994, the court sentenced appellant to an indefinite sentence of five to fifteen years on the attempted rape counts and five to ten years on the attempted kidnapping count. He was adjudicated a sexual predator during his stay in prison.
Over his years in prison, appellant filed numerous motions for shock probation. On April 18, 2000, the trial court granted his latest motion. In doing so, the court imposed three years of probation upon appellant. One condition of appellant's probation was to attend a sex offender treatment program at the Forensic Psychiatric Center of Northeast Ohio. Prior to his full release, he was sent to Community Corrections Association for a six-month stay. Yet, he was released from CCA in late August 2000, after spending four months there. Upon his release, he moved into his parents' home in North Lima, Ohio.
On October 20, 2000, appellant's father called appellant's probation officer to report that his son had not been home in three days. (12/19/00 Tr. 8). When appellant reported to his probation officer as scheduled on October 23, 2000, he admitted that he spent the weekend in New Brighton, Pennsylvania with a woman. (12/19/00 Tr. 12). Around this time, appellant's counselor informed the probation officer that appellant was often late for meetings or called with excuses for rescheduling meetings. He also complained that appellant had not yet viewed certain required videotapes.
Hence, the probation officer filed a notice of violation, and the state filed a motion to revoke or extend probation on three grounds. First, it was alleged that by being absent from his residence for three days, appellant violated paragraph two of his terms of his release, which required him to keep his supervising officer informed of his residence and obtain permission prior to changing residence. Second, it was alleged that by going to Pennsylvania, appellant violated paragraph three of his terms of release, which prohibited him from leaving the State of Ohio without written permission from the Adult Parole Authority. Third, it was alleged that appellant violated paragraph fifteen, which required him to fully participate in the treatment program.
The probable cause hearing took place on October 26, 2000. Appellant signed a stipulation as to probable cause, and his attorney orally entered the stipulation. The case came before the court on December 19, 2000. Appellant admitted his violation of paragraph three by leaving the State of Ohio without written permission. The state presented the testimony of appellant's probation officer and his counselor from the Forensic Psychiatric Center. Appellant presented the testimony of his father.
The court stated on the record that appellant did not violate paragraph two, regarding moving from his residence, by merely spending a weekend somewhere besides his residence. The court then stated that the stipulation and admission that appellant left the State of Ohio for the weekend constituted a violation of the terms of his release. The court noted that although some may call this a technical violation, it is a black and white condition of release that is clearly stated in the terms. As for the testimony about appellant being late and missing some counseling sessions, the court stated that it would consider this testimony in determining disposition rather than in establishing a violation. The court reminded appellant how it previously warned him that if he crosses the line, the court will have no alternative but to return him to prison.
Appellant spoke in his defense in closing. He stated that he was helping a woman, with whom he had a relationship, move from Ravenna to New Brighton. He then claimed, for the first time, that he did not know he crossed the state line or that New Brighton was in Pennsylvania until afterwards. Appellant asked to be permitted to enter CCA again for the entire six-month period and then be placed on house arrest for the remainder of his probation. Appellant's counsel argued that he should not be returned to prison and that his two months in jail awaiting the hearing constituted sufficient punishment. In a judgment entry noting that a violation had been found, the court took disposition of the case under advisement.
On February 26, 2001, the court found that appellant's original prison sentence should be reimposed due to his violation of the terms of his release. Trial counsel filed timely notice of appeal, and the court appointed new counsel for the appeal. On November 6, 2001, appellate counsel filed a no merit brief and a motion to withdraw. On November 20, 2001, this court gave appellant thirty days to respond with arguments in support of his appeal. No pro se brief has been filed. Hence, pursuant toAnders v. California (1967), 386 U.S. 738, we must now independently review the record to determine that counsel made a diligent effort to find any appealable, nonfrivolous issues. See, also, State v. Toney
(1970), 23 Ohio App.2d 203.
Our analysis shall proceed under R.C. 2947.061, regarding motions for shock probation, rather than R.C. 2929.20, regarding the newer motions for judicial release. See State v. Coffman (2001), 91 Ohio St.3d 125, 126
(stating that although R.C. 2947.061 has been repealed, it is still available for those offenders who committed their crimes prior to July 1, 1996). R.C. 2947.061(B), along with R.C. 2929.51(B), provide a trial court with plenary discretion to deny a motion for shock probation.Coffman, 91 Ohio St.3d at 128. Such denial is not appealable. Id. at 129 (noting that shock is a privilege or grace and not a right or entitlement).
Thus, appellant was fortunate to have received shock probation in the first instance, even more fortunate because R.C. 2947.061(B) precludes a defendant from filing, and a court from granting, a second or subsequent motion for shock probation. Here, appellant had filed multiple requests. Moreover, appellant's last request was coined a motion for judicial release which, as aforestated, does not apply to those whose offenses were committed prior to July 1, 1996. See Coffman,91 Ohio St.3d at 126.
Regardless, upon violation of the conditions of shock probation, the court can do various things. At the most, the court can reimpose the original sentence. State v. Draper (1991), 60 Ohio St.3d 81, 83 (noting that there is an essential distinction between probation imposed in lieu of sentence and probation granted after a term of incarceration has been served, and holding that a court revoking shock probation cannot impose a term in excess of the original sentence). Appellant's sentence had merely been suspended until the occurrence of successful completion of the probation or violation of the terms of release. See State v. McConnell
(2001), 143 Ohio App.3d 219, 224-225. Here, the terms of release were violated, and thus, the court was permitted to reimpose the original sentence.
Procedurally, the court certainly fulfilled any duty imposed in regular probation revocations with regards to due process. See, e.g., Gagnon v.Scarpelli (1973), 411 U.S. 778, 786; State v. Delaney (1984),11 Ohio St.3d 231, 234. Appellant admitted to his supervising officer that he left the State of Ohio for a weekend without approval of APA. He received written notice of his violation. He received notice of the date of his preliminary hearing. The state filed a motion to revoke or extend probation. Appellant appeared at the preliminary hearing with counsel and stipulated to a probable cause finding due to the low standard of review and appellant's prior admission.
Appellant also received notice of the date of the final revocation hearing. He was given the opportunity to be heard. His counsel successfully cross-examined the probation officer on the issue of changing residence, resulting in the court finding that appellant did not violate paragraph two as alleged. The court's refusal to consider appellant's omissions at counseling to be a violation may also have been a result of defense counsel's cross-examination and arguments. Appellant admitted his violation of paragraph three of the terms of release. Thus, a violation was properly found.
Although reimposing an original sentence may seem harsh in a case of crossing state lines to a town fairly near the border, this was within the trial court's domain. Appellant was given a chance, a chance that he probably should not have been given. He was out of CCA for a mere two months. Yet, he could not conform his travels with a woman to the terms of his release. In that short time, he was also late for required meetings and canceled some, and he failed to watch required videos.
For the foregoing reasons, we hereby permit appellate counsel to withdraw on the grounds that he can find no appealable, nonfrivolous issue for review. The court's finding of a probation violation and reimposition of appellant's original sentence are thus affirmed.
Donofrio, J., and DeGenaro, J., concur.