OPINION
Defendant-appellant, Ricky J. Darthard, appeals from judgments of the Franklin County Court of Common Pleas in three separate cases that are consolidated for the purpose of this review.
During the spring of 2000, the Franklin County Grand Jury indicted defendant on three individual counts of possession of a controlled substance, cocaine, in violation of R.C. 2925.11(A). Each separately filed indictment alleged an offense that occurred on a date different from the others and was consequently assigned its own case number. The three cases were consolidated for trial.
On August 31, 2000, with respect to an incident of January 2, 2000, defendant entered a guilty plea to the indictment as charged, a felony of the fourth degree.[1] In relation to a March 17, 2000 incident, he entered a guilty plea to a stipulated lesser-included possession offense, amended at the prosecutor's request with the trial court's acquiescence, a felony of the fifth degree.[2] Defendant also entered a guilty plea concerning a March 1, 2000 incident to the indictment as charged, a felony of the fifth degree.[3]
Following a presentence investigation, the trial court sentenced defendant to serve a term of incarceration of 12 months on the fourth degree felony conviction and it imposed sentences of six months on each of the fifth degree felonies. The court ordered all three terms of incarceration to be served consecutively. Defendant did not pursue a direct appeal from that judgment.
After serving a portion of his sentences, defendant filed motions for judicial release in all three cases. The trial court granted the motions on July 30, 2001. Further execution of the 12-month sentence was suspended, as was further execution of both six-month sentences, and defendant was placed under community control sanctions for a period of three years. In addition to the general conditions of community control, the court ordered special conditions, including: intensive supervision; obtain and maintain verifiable employment or participate in an 11-week day report program, if unemployed and not in an apprenticeship program; complete a drug and alcohol assessment; participate in a term of drug and alcohol use monitoring; commit no new violations of law; and abide by a daily residence curfew from 10 p.m. to 6 a.m.
On September 13, 2001, the probation department asked the trial court to revoke the terms of judicial release, alleging that defendant had tested positive for cocaine use on August 14, 2001, had failed to report for a urinalysis on August 10, 2001, and had resisted arrest on August 30, 2001,[4] when probation department personnel attempted to arrest him for these violations of the conditions of his judicial release. The court scheduled a first hearing on this request for revocation on September 19, 2001, at which time defendant stipulated probable cause and admitted to violating the terms of his judicial release in all three cases. The cases were continued for resentencing.
On October 9, 2001, the trial court ordered that community control be revoked in all three cases, then resentenced defendant to serve a term of incarceration of 17 months on the fourth degree felony conviction. The court also imposed new sentences of 11 months on each of the fifth degree felonies and again ordered the three terms to run consecutive to one another. The total sentence to be served, less credit for time already served, was thus increased to 39 months from the original aggregate sentence of 24 months. The trial court journalized these judgments in entries filed October 11, 2001.
Defendant has appealed from these sentencing orders in timely fashion setting forth a single assignment of error:
 The trial court erred in increasing the sentence imposed upon the defendant after revoking an order of judicial release, in violation of R.C. 2929.20(I).
Appellant asks us to vacate the sentences from which his appeal is taken and to remand these cases for further sentencing proceedings. Appellee acknowledges error in the sentencing orders and asks us to remand these cases to the trial court so that it may reimpose the original 24-month aggregate sentence. For the reasons that follow, we sustain the assignment of error and remand these cases.
R.C. 2929.20 governs both the granting and the revoking of judicial release under the circumstances of this case. State v. Wiley (Feb. 6, 2002), Medina App. No. 3204-M. Judicial release is akin to the former relief known as "shock probation." State v. McConnell (2001),143 Ohio App.3d 219, 222. When a trial court grants a qualifying offender's motion for judicial release pursuant to R.C. 2929.20(I), it, in effect, suspends the balance of the terms of the originally imposed sentences, Id., and places "the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of probation serving the court." R.C. 2929.20(I). Coincident with the granting of the judicial release, the court must, on the record, "reserve the right to reimpose the original sentence on a defendant when that defendant violates a community control sanction." State v. Evans (Dec. 13, 2000), Meigs App. No. 00CA003. If the court chooses to reinstate the original sentence "pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense." R.C. 2929.20(I).
The trial court's entries of July 30, 2001, granting judicial release, provided for the suspension of further execution of the original sentences and for appellant to be placed on "probation for a period of 3 year(s)" in accordance with the specific terms and conditions set forth in the entry. We have only been furnished with a transcript of the resentencing hearing of October 9, 2001, so we must presume the regularity of the original sentencing hearing and the hearing on the motion for judicial release. See State v. Robinson (Apr. 30, 2002), Franklin App. No. 01AP-1005; Miller v. Ohio Bd. of Regents (Apr. 23, 2002), Franklin App. No. 01AP-998; and Featherstone v. The Ohio State Univ., College of Dentistry (Dec. 18, 2001), Franklin App. No. 01AP-693. We, therefore, presume that at the time it granted judicial release in all three cases, the trial court did reserve, on the record, the opportunity to reimpose the original sentences in the event appellant should fail to comply with the community control sanctions and attendant conditions.
The trial court expressed its belief that the state's sentencing statutes provide a judge with the latitude to increase an offender's original term of incarceration when the offender violates the terms of his judicial release. While R.C. 2929.15(B) does permit the court to resentence an offender, originally subject to community control sanctions to serve a prison term not previously imposed, once the offender has violated the conditions of community control, R.C. 2929.15(B) does not apply to this case. McConnell, supra, at 224. By the clear language of R.C. 2929.20(I), the trial court's option in this instance with respect to ordering incarceration is limited to the reinstatement, with credit for time served, of the sentences that it suspended upon the granting of judicial release. Id.
Therefore, appellant's single assignment of error is sustained. Accordingly, we reverse the judgments of Franklin County Court of Common Pleas and remand these cases to that court for resentencing in accordance with this opinion.
Judgments reversed and cause remanded for resentencing.
BRYANT and PETREE, JJ., concur.
[1] Franklin County Court of Common Pleas Case No. 00CR03-1278; Tenth District Court of Appeals Case No. 01AP-1291.
[2] Franklin County Court of Common Pleas Case No. 00CR05-3002; Tenth District Court of Appeals Case No. 01AP-1292.
[3] Franklin County Court of Common Pleas Case No. 00CR04-2164; Tenth District Court of Appeals Case No. 01AP-1293.
[4] In an addendum to its statement of violations, the probation department reported to the trial court that appellant was convicted in Franklin County Municipal Court, case No. M01CRB-22234, of resisting arrest in connection with this incident.