OPINION
{¶ 1} Defendant-Appellant, Arthur Riddle, appeals a decision by the Defiance County Common Pleas Court revoking his community control and re-imposing the balance of a previously suspended forty-five month prison sentence. On appeal, Appellant asserts numerous arguments for our review; however, because he admitted to violating community control and because the proceedings were conducted appropriately, we affirm the trial court's judgment.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. On April 6, 2000, Appellant was indicted for one third-degree felony count of possession of marijuana, one fourth-degree felony count of preparation of marijuana for sale, and one fifth-degree felony count of having weapons while under a disability. Thereafter, Appellant pled guilty to possession of marijuana and having weapons while under a disability, resulting in a forty-five month aggregate sentence of incarceration.
 {¶ 3} Thereafter, Appellant moved for judicial release. The trial court granted the motion on May 14, 2001, suspended the remainder of his previously imposed sentence, and placed Appellant on community control for four years. As part of the community control sanction, Appellant was prohibited from possessing or using any controlled substances. On May 16, 2001, the State moved to revoke Appellant's community control because he failed a drug screen and admitted to smoking marijuana.
 {¶ 4} A hearing on the State's motion was held on May 25, 2001, and therein Appellant waived his rights to a probable cause and final adjudicatory hearing and admitted that he had used marijuana in violation of community control. Both waivers and the admission were accepted by the trial court, leading to a finding that Appellant did violate the terms and conditions of community control. The trial court then continued the matter for disposition and ordered a search of Appellant's house.
 {¶ 5} Upon searching Appellant's residence, the State discovered two scales with marijuana residue on and around them, a large plastic bag containing marijuana residue, rolling papers, part of a smoked marijuana cigarette, and a desk drawer containing marijuana residue. Thereafter, the trial court revoked Appellant's community control and re-imposed the balance of his original forty-five month sentence.
 {¶ 6} This Court granted Appellant's delayed appeal from that decision, and he asserts ten assignments of error for our review. For purposes of brevity and clarity, we will address his assignments out of the order in which they were presented; and, his seventh and tenth assignments will be discussed together.
Assignment of Error I
 {¶ 7} "The Defendant was denied due process of law when the trial court failed to require the prosecutor provide [sic] a written notice to the Defendant containing the specific allegations of his probation violations."
 {¶ 8} In his first assignment of error, Appellant contends that he was not provided with written notice of the specific allegations relied upon by the State to revoke his community control prior to the community control revocation hearing. While we acknowledge that some due process requirements extend to community control revocation hearings, including that a defendant receive written notice of the claimed violations prior to the hearing,[1] the facts of this case support a finding that Appellant received such notice.
 {¶ 9} The record reveals that on May 16, 2001, the State filed a "Motion to Revoke Community Control Memorandum, Notice 
Instructions." Attached thereto and incorporated by reference within the motion, was a letter from Appellant's probation officer to the prosecutor's office, which explicitly stated the terms and conditions of community control that were violated and described the conduct constituting the violation. Namely, that "[o]n or about 5/12/01 [Appellant] used marijuana" in violation of the conditions of supervision. Moreover, the docket reveals that both the motion and the attached letter were duly served on Appellant by the Sheriff on May 17, 2001.
 {¶ 10} For these reasons, we find Appellant's first assignment of error to be without merit, and it is hereby overruled.
Assignment of Error II
 {¶ 11} "The Defendant was denied equal protection and due process of law due to the court's failure to make written findings of fact and conclusions of law."
 {¶ 12} In his second assignment of error, Appellant maintains that he was denied equal protection of the law and that his due process rights were violated when the trial court failed to issue written findings of fact and conclusions of law justifying the revocation of community control.
 {¶ 13} To ensure that a revocation of community control comports with due process and equal protection, trial courts should issue written findings of fact and conclusions of law to support such decisions.[2]
However, the Ohio Supreme Court has held that oral explanations in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings may be utilized so long as "the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal."[3]
 {¶ 14} In this case, the record indicates that Appellant waived his rights with respect to the probable cause and adjudicatory hearings and entered an admission to violating community control conditions at the May 25, 2001 hearing. At the time of his admission, Appellant was adequately informed of the specific allegations against him and the potential ramifications of finding a violation. Additionally, the judgment entry reflecting Appellant's violation clearly states that the court accepted Appellant's waiver and that he voluntarily, knowingly, and intelligently entered an admission to the State's allegations against him. Also, the dispositional hearing included a lengthy discussion revealing what was recovered after searching Appellant's home, and the court clearly apprised Appellant that his continued criminal behavior and his unwillingness to address his substance abuse problem were the basis of the court's revocation of community control.
 {¶ 15} Based upon these facts, we find no due process or equal protection violation. Appellant was adequately apprised on the record of the reasons justifying the State's motion to revoke community control, and he tendered an admission to the same. Moreover, the trial court sufficiently informed Appellant of the reasons for which his probation was being revoked, thus providing an adequate record for review on appeal. Accordingly, Appellant's second assignment of error is hereby overruled.
Assignment of Error IV
 {¶ 16} "The Defendant was denied his right to due process of law in that he was not given meaningful notice of the June 5, 2001, hearing."
 {¶ 17} As previously stated, during the May 25, 2001 hearing, Appellant admitted his guilt to the violations of community control. The trial court then continued the matter to allow a search of Appellant's house for drugs, which Appellant stated he had no objection to, and for final disposition. The date and time of the final hearing was stated on the record at the May 25, 2001 hearing and was also included in the trial court's judgment entry following the hearing. Additionally, had Appellant or his counsel been unprepared at the June 5, 2001 hearing following the search of his home, a continuance could have been but was not requested. Consequently, we find Appellant received adequate notice of the June 5, 2001 dispositional hearing, and his fourth assignment of error is overruled.
Assignment of Error V
 {¶ 18} "The Defendant's rights to due process were violated when unsworn testimony and hearsay evidence was allowed to be used to revoke his probation."
 {¶ 19} Appellant maintains that evidence relied upon to revoke his community control was inadmissible because it was unsworn and hearsay testimony. However, Evid.R. 101(C)(3) excepts application of the Rules of Evidence, including the hearsay rule, from proceedings concerning community control sanctions.[4] Also, a sentencing court has the discretion to conduct an examination of witnesses, with or without the help of counsel; call witnesses other than those presented by the prosecutor, or counsel for the defendant; and make an independent probation inquiry of such scope as it deems necessary.[5] Based upon these rules, this Court has recently held that unsworn and hearsay evidence is allowable under the circumstances of this case.[6]
 {¶ 20} Notwithstanding, in order to secure reversal of a judgment against him, Appellant must not only show some error but must also show that the error was prejudicial.[7] Appellant has further failed to show prejudice resulting from this purported error. Accordingly, Appellant's fifth assignment of error is overruled.
Assignment of Error VII
 {¶ 21} "The court violated the sentencing guidelines when the transcripts of the two hearings September 19, 2000, page 5 lines 5 through 9 are read in conjunction with the transcript of August 8, 2000, p. 8 middle of page, "In an amount greater than 5,000 grams but less than 20,000 grams."
Assignment of Error X
 {¶ 22} "The trial court erred when it imposed consecutive sentences."
 {¶ 23} In his seventh and tenth assignments of error, Appellant contends that the trial court's original September 20, 2000 sentence was contrary to law. However, while this Court granted Appellant leave to file a delayed appeal from the trial court's June 15, 2001 judgment entry that revoked his community control and reinstated the balance of his original term of imprisonment, we did not grant Appellant leave to appeal from the original sentencing order. App.R. 4(A) states that "a party shall file the notice of appeal required by App.R. 3 within thirty days of the * * * entry of the judgment or order appealed[.]"[8] Because Appellant neither appealed his original sentence within the mandated time period or requested leave to file a delayed appeal with respect thereto, "[t]he doctrine of res judicata prevents us from addressing the issue at this point in time."[9] As such, we overrule Appellant's seventh assignment of error.
Assignment of Error VI
 {¶ 24} "The trial court erred when it sentenced the Defendant and violated the statutory sentencing guidelines by incarcerating the Defendant."
 {¶ 25} Herein, Appellant contends that the trial court's sentence was improper pursuant to R.C. 2929.13(E) because he had not yet been ordered to participate in a drug treatment program. R.C. 2929.13(E)(2) provides that "[i]f an offender who was convicted of or pleaded guilty to a felony violates the conditions of a community control sanction imposed for the offense solely by reason of producing positive results on a drug test, the court, as punishment for the violation of the sanction, shall not order that the offender be imprisoned unless the court determines on the record either of the following: (a) [t]he offender had been ordered as a sanction for the felony to participate in a drug treatment program[,] * * * and the offender continued to use illegal drugs after a reasonable period of participation in the program[, or] (b) [t]he imprisonment of the offender for the violation is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code."
 {¶ 26} Initially we note that Appellant's claimed error is without merit for two reasons. First, the trial court's decision to re-impose his earlier sentence was not merely based upon Appellant's failing of a drug test. While the failed test led to the motion to revoke his community control, the trial court, after accepting Appellant's admission to using marijuana, ordered a search of his home in order to further evaluate whether the failed test was merely an isolated incident. The search of Appellant's home revealed two scales with marijuana residue on and around them, a large plastic bag containing marijuana residue, rolling papers, part of a smoked marijuana cigarette, and a desk drawer containing marijuana residue. Accordingly, as stated by the trial court, the reasons for the sentence of incarceration were outside the confines of R.C.2929.13(E), as the court had evidence beyond a failed urine test supporting Appellant's violation of community control.
 {¶ 27} Additionally, even if the evidence only consisted of Appellant's failed drug screen, the trial court properly followed the mandates of R.C. 2929.13(E)(2)(b). According thereto, in order for a trial court to impose a jail term after a violation of community control based solely on a failed drug test, the court must determine that imprisonment is consistent with the purposes and principles of sentencing as mandated in R.C. 2929.11. R.C. 2929.11(A) states that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 28} In sentencing Appellant herein, the trial court affirmatively responded that imposition of a jail sentence would be consistent with the principles of sentencing. And, the court explained that Appellant's actions were a "matter of ongoing criminal behavior. * * * He is not amenable to community control. He has previously been exposed to the institution. He continues his criminal behavior. He refuses, is unable or unwilling to address his drug problem, not withstanding the prior opportunities of treatment [within the institution]." Based upon these statements on the record, we find the trial court was in compliance with R.C. 2929.13(E)(2)(b).[10]
 {¶ 29} Accordingly, Appellant's sixth assignment of error is overruled.
Assignment of Error VIII
 {¶ 30} "The trial court may not increase the penalty imposed on a defendant because it personally believed that the Defendant lied on the stand."
 {¶ 31} Based upon the First District Appellate Court's decision inState v. Jeffers,[11] Appellant contends that the trial court erred by increasing his sentence because he lied during the June 5, 2001 dispositional hearing. However, we find Appellant's contention to be misplaced.
 {¶ 32} In Jeffers, the First District held that a "sentencing judge may not increase a defendant's penalty because the court believed he lied. To do so is in effect to punish him for an offense for which he has been neither charged nor tried and to discourage a defendant from exercising his right to trial and to testify on his own behalf."[12]
However, the Ohio Supreme Court has held since Jeffers that a "defendant's act of lying under oath is a factor that may be considered along with other pertinent factors when imposing sentence."[13] In support of its conclusion, the Court noted that "it has long been proper for the sentencing court to consider evidence * * * as well as the demeanor of the accused. * * * [T]he defendant's truthfulness or lack thereof while testifying on his own behalf is ' * * * probative of his attitudes toward society and [his] prospects for rehabilitation * * *.'"[14]
 {¶ 33} The record in this case discloses that the trial court made the following comment during the dispositional hearing after Appellant denied that the drug paraphernalia and residue at his home was his: "[Appellant] [c]ontinues to lie badly, I would add, regarding his use [of drugs] and involvement." The trial court, however, never indicated that the re-imposition of Appellant's original sentence was in any way based upon his alleged false statements to the court.[15] In fact, aside from the court's statements, as noted above, the court properly imposed a jail term upon Appellant. Notwithstanding, even if the trial court did consider Appellant's alleged false statements when re-imposing sentence, based upon the rationale in O'Dell, we find no error on the part of the trial court here.
 {¶ 34} For these reasons, we overrule Appellant's eighth assignment of error.
Assignment of Error IX
 {¶ 35} "The Defendant was subjected to cruel and unusual punishment when his probation was revoked for a trivial offense."
 {¶ 36} In his ninth assignment of error, Appellant argues that his consumption of marijuana and subsequent failure of a drug screen constituted a "trivial offense" and that the re-imposition of his original sentence in response thereto subjected him to cruel and unusual punishment. We disagree.
 {¶ 37} Generally, a sentence within statutory limitations is not excessive and does not violate the constitutional prohibition against cruel and unusual punishment.[16] R.C. 2929.20 vests trial courts, as in this case, with the authority to grant an "eligible offender" early judicial release from a period of incarceration.[17] R.C. 2929.20(I) further governs the granting of early judicial release and the revocation thereof in the event that an offender violates a condition of the release. In addressing the significance of the foregoing statute, this Court has previously stated: "[c]ontrary to the general felony sentencing scheme, which does not permit a trial court to place an offender on community control while, at the same time, imposing a suspended prison term, [R.C. 2929.20(I)] does allow a court to, in effect, suspend a prison sentence in the event a motion for early judicial release has been granted. Additionally, if the conditions of that release are violated, the statute clearly provides that the trial court may `re-impose' the suspended term[.]"[18] In doing so, trial courts are limited to imposing the balance of the original sentence when faced with a violation of the conditions of early judicial release.[19]
 {¶ 38} In this case, Appellant was originally sentenced to forty-five months of incarceration. After serving eight months, however, the court granted his motion for judicial release. Once released, Appellant violated community control sanctions. Accordingly, the trial court was free to re-impose the balance of Appellant's original sentence according to R.C. 2929.20(I). While Appellant contends that his failing a drug test was a trivial offense that did not warrant a jail term, the term imposed was a re-imposition of the original jail term, not a term of incarceration based upon the failed test. Thus, because the trial court acted within applicable statutory limitations, the re-imposition of Appellant's original sentence does not violate the constitutional prohibition against cruel and unusual punishment.
 {¶ 39} For these reasons, Appellant's ninth assignment of error is overruled.
Assignment of Error III
 {¶ 40} "The Defendant was denied due process and equal protection of the law in that Mr. Archer's representation was inadequate."
 {¶ 41} A claim for ineffective assistance of counsel requires proof that counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result.[20] To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome would have been different:[21] "reasonable probability" is a probability sufficient to undermine confidence in the outcome.[22]
 {¶ 42} In his third assignment of error, Appellant contends that he received ineffective assistance of counsel based upon several collective reasons. Many of Appellant's claims relate to previously discussed assignments of error for which we have already decided no error occurred, including the notice of community control violations and the hearsay and unsworn testimony presented during the dispositional hearing. Appellant additionally argues that his counsel was ineffective for failing to object to the results of the search of Appellant's home prior to the dispositional hearing and for not being prepared to cross examine the witnesses in relation thereto.
 {¶ 43} In his brief, Appellant concedes that all of the alleged errors of counsel may individually be justified as trial tactics but that collectively, the errors amount to ineffective assistance of counsel. However, Appellant has failed to point out in the record any evidence that supports a conclusion that the purported errors of counsel, either collectively or individually, were outcome determinative. Appellant admitted to violating community control, thus, regardless of counsel's alleged errors, the trial court was free to re-impose the balance of Appellant's original jail term. Accordingly, we overrule Appellant's third assignment of error.
 {¶ 44} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
 Judgment affirmed. BRYANT, P.J., and SHAW, J., concur.
[1] State v. Perez (May 2, 2002), Defiance App. No. 4-01-33, 2002-Ohio-2191, at ¶ 10, citing State v. Delaney (1984),11 Ohio St.3d 231, 234.
[2] Delaney, 11 Ohio St.3d at 234-35.
[3] Id. at 235.
[4] Perez, supra, at ¶ 12 citing State v. Cook (1998),83 Ohio St.3d 404, 425.
[5] Id. at ¶ 12, citing In re Reed (1969), 21 Ohio App.2d 1.
[6] Id.
[7] Id. at ¶ 13.
[8] See State v. Ingram (Nov. 8, 2002), Crawford App. No. 3-02-26, 2002-Ohio-6074, at ¶ 4.
[9] State v. Crutchfield (Feb. 8, 2002), Paulding App. Nos. 11-01-09, 11-01-10, 2002-Ohio-568, citing State v. Lawrence (May 14, 2001), Seneca App. No. 13-01-01.
[10] See State v. Daniels (July 15, 2002), Stark App. No. 2001CA00375, 2002-Ohio-3694; State v. Mollenkamp (Dec. 17, 2002), Franklin App. Nos. 02AP-208, 02AP-209, 02AP-210, 2002-Ohio-6969, at ¶ 14.
[11] (1978), 57 Ohio App.2d 107.
[12] Id. at 109.
[13] State v. O'Dell (1989), 45 Ohio St.3d 140, 148.
[14] Id. at 147, quoting United States v. Grayson (1978), 438 U.S. 41,50.
[15] See State v. Marsh (Dec. 2, 1987), Hamilton App. No. C-860778.
[16] State v. Bosman (Jan. 14, 2002), Butler App. No. CA2001-05-101, 2002-Ohio-22, citing State v. Fields (Nov. 29, 1993), Clermont App. No. CA93-04-025.
[17] R.C. 2929.20(A), (B); State v. McConnell (2001),143 Ohio App.3d 219, 222, 2001-Ohio-2129.
[18] McConnell, 143 Ohio App.3d at 223, quoting State v. Gardner (Dec. 1, 1999), Union App. No. 14-99-24.
[19] Id.
[20] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
[21] Id. at paragraph three of the syllabus.
[22] State v. Waddy (1992), 63 Ohio St.3d 424, 433, superseded by state constitutional amendment on other grounds in State v. Smith (1997),80 Ohio St.3d 89.