[Cite as *State v. Taylor*, 2012-Ohio-232.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110295 |
| | | TRIAL NO. B-0900555-B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| ERIC TAYLOR, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 25, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Cornelius Lewis* and *Michael J. Trapp*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Eric Taylor appeals the judgment of the Hamilton County Court of Common Pleas revoking Taylor's judicial release and sentencing him to six years in prison.  Because we determine that the trial court lacked authority to increase Taylor's original sentence, we reverse the trial court's judgment and remand the matter for resentencing.

{¶2}   In January 2009, Taylor was indicted on three counts of aggravated robbery with specifications, three counts of robbery, two counts of having a weapon while under a disability, carrying a concealed weapon, and improperly handling a firearm in a motor vehicle.  Taylor pleaded guilty in November 2009 to three counts of robbery, one of which was accompanied by a firearm specification.  The trial court sentenced Taylor to concurrent two-year terms of incarceration on each of the robbery offenses, which were imposed consecutively to a one-year term of incarceration on the firearm specification, for an aggregate sentence of three years in the department of corrections.

{¶3}   Taylor filed a motion for judicial release pursuant to R.C. 2929.20 in June 2010, requesting that the court place him on judicial release once he served his mandatory one-year prison term on the firearm specification.  The trial court granted the motion in December 2010, after holding a hearing where the trial court warned Taylor that the court would impose a total of 16 years' incarceration on his original offenses if he violated the community-control sanctions imposed as a condition of his release.  Taylor indicated at the hearing that he understood the risk.  The trial court's

entry suspending Taylor's sentence and placing him on community control also reflected the trial court's admonition.

{¶4}   In March 2011, a probation officer reported that Taylor had violated the terms of his community control.  The trial court revoked Taylor's judicial release after a hearing on the matter, and imposed concurrent five-year prison sentences on each of the robbery offenses, which were made consecutive to a one-year prison sentence on the firearm specification, for a total of six years' imprisonment.  Taylor has appealed.

{¶5}   In Taylor's sole assignment of error, he contends that the trial court erred by imposing a sentence contrary to law.  R.C. 2929.20 allows a sentencing court to reduce an eligible offender's nonmandatory prison term by suspending the balance of the offender's prison term and imposing conditions on the offender's release.  *State v. McConnell*, 143 Ohio App.3d 219, 223, 757 N.E.2d 1167 (3rd Dist.2001).  The trial court then reserves the right to reimpose the suspended prison term if the offender violates a condition of release.  *Id.*

{¶6}   R.C. 2929.20(K) provides, in part:

> If the court grants a motion for judicial release under
> this section, the court shall order the release of the
> eligible offender, shall place the eligible offender under
> an appropriate community control sanction, under
> appropriate conditions, and under the supervision of the
> department of probation serving the court and shall
> reserve the right to reimpose the sentence that it
> reduced if the offender violates the sanction.  If the court

3

reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

{¶7} Generally, a trial court cannot modify a final criminal judgment. *State v. Carlisle*, ___ Ohio St.3d ___, 2011-Ohio-6553, ___ N.E.2d ___. The judicial-release statute can be viewed as an exception to this general rule, but the statute contains parameters. Under R.C. 2929.20, if a court reimposes an offender's prison sentence after revoking judicial release, the court can only reimpose the offender's original sentence with credit for time served. *See State v. Terry*, 10th Dist. No. 11AP-127, 2011-Ohio-6666, ¶ 10, quoting *State v. Darthard*, 10th Dist. Nos. 01AP-1291, 01AP-1292, and 01AP-1293, 2002-Ohio-4292, ¶ 11 (" '[T]he trial court's option in this instance with respect to ordering incarceration is limited to the reinstatement, with credit for time served, of the sentences that it suspended upon the granting of judicial release.' ").

{¶8} Here, Taylor was sentenced originally to three years' incarceration. When the trial court revoked Taylor's judicial release, the trial court, in effect, modified Taylor's original sentence by imposing a six-year prison term. The trial court's imposition of a greater prison sentence than that which had been suspended at the time of the defendant's release, and even greater than that which had been originally imposed, was contrary to R.C. 2929.20 and amounted to prejudicial error. *See Terry* at ¶ 13 (listing Ohio appellate court cases concluding that a trial court erred where it revoked judicial release and imposed a greater or lesser prison sentence than the remainder of the original sentence imposed).

4

{¶9}    The state argues that Taylor waived the right to challenge his sentence because, at the judicial-release hearing, the trial court had warned Taylor that he would be sentenced to 16 years in prison if he violated the terms of his judicial release, and Taylor had not objected.  Waiver is the intentional relinquishment or abandonment of a known right.  *State v. Payne*, 114 Ohio St.3d 502, 506, 2007-Ohio-4642, 873 N.E.2d 306.  The state offers no support for its proposition, nor can we locate any.  Therefore, we cannot determine that Taylor waived application of R.C. 2929.2o.

{¶10}  In conclusion, we reverse the judgment of the trial court and remand the matter for resentencing in accordance with this opinion.  Moreover, the record demonstrates that the judgment entry from which Taylor appealed contains a clerical error.  The judgment entry indicates that Taylor was sentenced in count one on an aggravated-robbery offense; however, our review of the record indicates that count one of the indictment had been amended at the time of Taylor's original sentencing from aggravated robbery, a felony of the first degree, to robbery, a third-degree felony.  Therefore, on remand, the judgment entry should be corrected to reflect the amended offense.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.

Please note:
     The court has recorded its own entry on the date of the release of this opinion.