DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Warren Guenther, appeals from the decision of the Lorain County Court of Common Pleas. We reverse.
 I. {¶ 2} Appellant was indicted on March 7, 2002, on one count of sexual imposition in violation of R.C. 2907.06(A)(1), a misdemeanor of the third degree; and one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. The indictment alleged that the acts giving rise to the counts occurred "during the time period from December 1, 2001 through *Page 2 
December 31, 2001[.]" The indictment was subsequently amended to expand the time frame to encompass the time period through January 2002.
 {¶ 3} On February 14, 2003, the matter proceeded to trial. Appellant moved for a mistrial on the first day of trial. The trial court granted Appellant's motion for a mistrial, but subsequently denied Appellant's motion to dismiss the charges on the grounds of double jeopardy. Appellant petitioned the United States District Court for the Northern District of Ohio for habeas corpus relief. The district court denied Appellant's petition, and the criminal matter was rescheduled for trial.
 {¶ 4} The matter proceeded to trial on the two counts on November 1, 3, 4, and 5, 2004. At the conclusion of trial, the jury found Appellant guilty on both counts. The trial court subsequently classified Appellant as a sexually oriented offender. The trial court sentenced Appellant to prison, then suspended the prison time and imposed community control sanctions.
 {¶ 5} On February 17, 2005, Appellant filed his notice of appeal, alleging, among other things, ineffective assistance of counsel. On February 22, 2006, this Court rejected Appellant's arguments and affirmed his convictions. On November 28, 2005, Appellant filed a petition for post-conviction relief, again claiming ineffective assistance of counsel. The State responded to the petition on December 2, 2005 arguing Appellant's claims were barred by res judicata. On February 2, 2006, Appellant filed a motion for leave to file an amended petition *Page 3 
and simultaneously filed an amended petition. The State responded, stating the claims were barred by res judicata. The trial court did not rule on Appellant's motion for leave to file an amended petition and on March 10, 2006, denied Appellant's initial petition. It is from this denial that Appellant timely appeals, raising three assignments of error for our review. We have rearranged the assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR II "THE TRIAL COURT IMPROPERLY DISMISSED THE PETITION FOR REASONS OTHER THAN RES JUDICATA WITHOUT MAKING FINDINGS OF FACT AND CONCLUSIONS OF LAW IN THIS REGARD."
 {¶ 6} In his second assignment of error, Appellant argues that the trial court improperly dismissed the petition for reasons other than res judicata without making findings of fact and conclusions of law in this regard. We agree.
 {¶ 7} Section 2953.21(C) of the Ohio Revised Code mandates that if the trial court dismisses a petition, it shall "make and file findings of fact and conclusions of law with respect to such dismissal." According to the Ohio Supreme Court,
 "[t]he procedural nature of R.C. 2953.21(C) cannot be ignored. This section, along with the other sections dealing with post-conviction relief, provide a procedure * * * to make available the best method of protecting constitutional rights of individuals, and, at the same time, providing] a more orderly method of hearing such matters. This court's holding that findings of fact and conclusions of law are part and parcel of a judgment denying post-conviction relief fosters the *Page 4 
orderliness of this process." (Internal quotations and citations omitted.) State v. Mapson (1982), 1 Ohio St.3d 217, 218-219.
 {¶ 8} Findings of fact and conclusions of law are necessary "`to enable the appellate courts to properly determine appeals in such a cause.'" Mapson, supra, at *219, quoting Jones v. State (1966),8 Ohio St.2d 21, 22. The trial court is required to make findings "as to the substantive basis of each claim for relief contained in a petition."State v. Lester (1975), 41 Ohio St.2d 51, 56. "Further, if the basis of the denial is that the claims are barred by res judicata, the court should specify the parts of the record or files that establish the bar."State v. Phillips (Feb. 3, 1999), 9th Dist. No. 18940, at *2, citing,Lester, 41 Ohio St.2d at 55.
 {¶ 9} In the present case, the trial court held, in its entirety:
 "This matter came before the Court upon Defendant's petition for post-conviction relief. The petition for post-conviction relief pursuant to R.C. 2953.21 is denied. The Court finds that based upon the petition, the files and records pertaining to the proceedings against the petitioner, there are no substantive grounds for relief. As such, Petitioner is not entitled to an evidentiary hearing. Further, Petitioner has raised issues which are barred by res judicata as they were raised or could have been raised on direct appeal."
We have previously held that similar language did not comply with the mandates of R.C. 2953.21(C). In Phillips, supra, the trial court held:
 "Upon considering the proceedings in the trial court, court of appeals, and the Ohio Supreme Court along with the evidence associated with this case, the Court determines that there is no substantive grounds for relief. Additionally, Defendant's petition raises several issues that were raised or should have been raised on appeal. * * * Most, if not all, of Defendant's claims are barred by the doctrine of res judicata." Phillips, supra, at *3. *Page 5 
In Phillips, we determined that this judgment entry did not address any of the claims specifically and that we could not determine what parts of the record the trial court believed established the bar of res judicata. Id. Therefore we find, as we did in Phillips, "that the trial court issued insufficient findings of fact and conclusions of law." Id. Accordingly, we reverse and remand with instructions for the trial court to issue explicit findings and conclusions consistent with this opinion.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT IMPROPERLY DISMISSED THE PETITION FOR POST-CONVICTION RELIEF ON THE BASIS OF RES JUDICATA."
 {¶ 10} In his first assignment of error, Appellant argues that the trial court improperly dismissed his petition for post-conviction relief on the basis of res judicata. In light of our decision that the trial court's judgment entry does not provide us with a proper basis for its dismissal of the petition, we cannot properly review its determination. Therefore, we decline to address this assignment of error. See App.R. 12(A)(1)(c).
 ASSIGNMENT OF ERROR III "THE TRIAL COURT IMPROPERLY DISMISSED THE PETITION FOR POST-CONVICTION RELIEF WITHOUT FIRST RULING UPON WHETHER IT WOULD CONSIDER THE MERITS OF THE AMENDED PETITION FOR POST-CONVICTION RELIEF." *Page 6 
 {¶ 11} In his third assignment of error, Appellant argues that the trial court improperly dismissed the petition for post-conviction relief without first ruling upon whether it would consider the merits of the amended petition for post-conviction relief. We do not agree.
 {¶ 12} "Because the State had answered [Appellant's] petition before he sought leave to amend, the decision whether to allow leave to amend was within the trial court's discretion." Phillips, supra, at *4. Further, "if the trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." Lorence v. Goeller, 9th Dist. No. 04CA008556,2005-Ohio-2678, at ¶ 47, citing Fed. Home Loan Mtge. Corp. v. Owca (Nov. 17, 1999), 9th Dist. No. 2897-M, at *2. Therefore, the trial court did not err, as Appellant urges us to find, by not ruling on this motion. We presume by the trial court's silence that Appellant's motion for leave to amend his petition for post-conviction relief was denied. As Appellant has set forth no arguments that the trial court abused its discretion in this regard, his third assignment of error is overruled.
 III. {¶ 13} Appellant's second assignment of error is sustained. Appellant's third assignment of error is overruled. We decline to address Appellant's first assignment of error. The judgment of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion. *Page 7 
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
CARR, J.
WHITMORE, P. J.
 CONCUR *Page 1