DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} A jury convicted Alton Cromartie of burglarizing his ex-boyfriend's house and assaulting him in the house's garage, and this Court affirmed his convictions on appeal. The trial court dismissed his petition for post-conviction relief because it concluded that he could have raised each of his claims on direct appeal. Mr. Cromartie has argued that the court ignored the evidence he submitted in support of his claims, that it should have granted him an evidentiary hearing, and that it should not have dismissed some of his claims sua sponte. This Court affirms because his claims are barred under the doctrine of res judicata.
 FACTS {¶ 2} On January 1, 2006, Mr. Cromartie jumped out of the back of Gregory Sulitis's jeep and attacked him in the garage of Mr. Sulitis's house. The Grand Jury indicted Mr. Cromartie for aggravated burglary, felonious assault, violating a protection order, intimidation, *Page 2 
and retaliation. Before trial, the State informed Mr. Cromartie that it intended to introduce evidence of things he had allegedly done when some of his previous relationships had ended. The trial court overruled his objection to the other acts evidence.
 {¶ 3} A jury convicted Mr. Cromartie on each count, and the trial court sentenced him to 19 years in prison. He appealed, arguing that the court had incorrectly allowed the other acts evidence, that it had deprived him of his right to self-representation, that his trial counsel had been ineffective, and that the prosecutor had engaged in misconduct. This Court affirmed, concluding that his assignments of error were without merit.
 {¶ 4} While his appeal was pending, Mr. Cromartie petitioned for post-conviction relief. He raised five claims, four regarding the admission of the other acts evidence and one regarding his right to self-representation. A week later, he filed a Motion for Discovery of Grand Jury Minutes. In that motion he raised six additional claims, arguing that his due process rights had been violated and that the judge and prosecutor had engaged in misconduct. The following week, Mr. Cromartie amended his petition for post-conviction relief to add a claim of ineffective assistance of counsel. That same day, the State moved to dismiss his petition, or, in the alternative, for summary judgment in its favor. It argued that Mr. Cromartie had failed to establish that he was entitled to post-conviction relief. It also argued that his claims were barred by res judicata.
 {¶ 5} Following the State's motion, Mr. Cromartie moved to again amend his petition, this time to add a thirteenth claim, arguing that the judge who presided over his trial was biased and had colluded with the prosecutor to convict him. The State supplemented its motion, arguing that Mr. Cromartie had failed to submit claims six through eleven, that his twelfth and *Page 3 
thirteenth claims were barred under the doctrine of res judicata, and that his claims were also without merit.
 {¶ 6} Mr. Cromartie subsequently moved to re-file claims six through eleven. He also moved to add a fourteenth claim, arguing that he had been denied a speedy trial. On November 8, 2007, the trial court reviewed claims one through thirteen and dismissed his petition. It concluded that the claims were barred under the doctrine of res judicata because they raised issues that could have been argued on direct appeal. Mr. Cromartie has appealed, assigning five errors.
 POST-CONVICTION RELIEF {¶ 7} Under Section 2953.21(A)(1)(a) of the Ohio Revised Code, "[a]ny person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment." "[A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v.Calhoun, 86 Ohio St. 3d 279, paragraph two of the syllabus (1999).
 RES JUDICATA {¶ 8} Mr. Cromartie's first assignment of error is that the trial court incorrectly dismissed his petition on the basis of res judicata. He has made ten arguments regarding this assignment, which this Court will address in turn. *Page 4 
 {¶ 9} His first argument is that the trial court failed to specify the parts of the record that establish that res judicata bars his claims. InState v. Guenther, 9th Dist. No. 06CA008914, 2007-Ohio-681, this Court stated that, "if the basis of the denial [of a petition for post-conviction relief] is that the claims are barred by res judicata, the court should specify the parts of the record or files that establish the bar." Id. at ¶ 8 (quoting State v. Phillips, 9th Dist. No. 18940,1999 WL 58961 at *2 (Feb. 3, 1999)). This Court was quoting language, originally from State v. Lester, 41 Ohio St. 2d 51, 55 (1975), in which the Ohio Supreme Court wrote that, "when a petition is summarily dismissed because all claims raised are barred by res judicata, the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of res judicata."
 {¶ 10} Under Section 2953.21(C) of the Ohio Revised Code, "[i]f the court dismisses [a] petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." The reasons for requiring findings are "to apprise [the] petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." State v. Mapson,1 Ohio St. 3d 217, 219 (1982) (quoting Jones v. State, 8 Ohio St. 2d 21, 22
(1966)). "A trial court properly denies a petition for postconviction relief, made pursuant to R.C. 2953.21, and issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." State v. Calhoun, 86 Ohio St. 3d 279, paragraph three of the syllabus (1999).
 {¶ 11} In Guenther, the trial court's entire decision was: "This matter came before the Court upon Defendant's petition for post-conviction relief. The petition for post-conviction *Page 5 
relief pursuant to R.C. 2953.21 is denied. The Court finds that based upon the petition, the files and records pertaining to the proceedings against the petitioner, there are no substantive grounds for relief. As such, Petitioner is not entitled to an evidentiary hearing. Further, Petitioner has raised issues which are barred by res judicata as they were raised or could have been raised on direct appeal."Guenther, 2007-Ohio-681, at ¶ 9. This Court determined that the trial court "[had] not address[ed] any of the claims specifically and that [it] could not determine what parts of the record the trial court believed established the bar of res judicata." Id. (citingPhillips, 1999 WL 58961 at *3). It, therefore, concluded that "the trial court [ ] issued insufficient findings of fact and conclusions of law."Id. (quoting Phillips, 1999 WL 58961 at *3).
 {¶ 12} This case is distinguishable because the trial court specifically outlined each of Mr. Cromartie's original and properly-amended claims. Unlike in Guenther, there is no ambiguity regarding the reason each claim was dismissed. The court indicated that "[e]ach and every claim" raised an issue that could have been raised on direct appeal. The decision apprised Mr. Cromartie of the grounds for the judgment and allows this Court to determine his appeal. This Court, therefore, concludes that the trial court's findings of fact and conclusions of law were sufficient under Section 2953.21(C).
 {¶ 13} Mr. Cromartie's second argument is that the State only raised res judicata as to his third claim. In its motion, the State noted that Mr. Cromartie had raised "five claims in support of postconviction relief and argued that "[t]he alleged grounds for postconviction relief . . . are barred by res judicata." After it received Mr. Cromartie's additional claims, it supplemented its motion, arguing that the additional claims were also barred by res judicata. Accordingly, there is no merit to Mr. Cromartie's argument that the State only raised res judicata as to his third claim. *Page 6 
 {¶ 14} Mr. Cromartie's third argument is that the State failed to establish that res judicata bars his claims. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967). Mr. Cromartie has argued that the State's mere assertion of the doctrine was not sufficient to establish that his claims are barred.
 {¶ 15} In his petition, Mr. Cromartie raised five claims. One was an argument that the court denied him his right to self-representation. The other four were challenges to the admission of the other acts evidence. Of those four, two were arguments that the court failed to analyze the evidence under Rule 404(B) of the Ohio Rules of Evidence, while another was an argument that the evidence was barred under the doctrine of collateral estoppel. The fourth was an argument that he did not receive sufficient notice that the State intended to use the other acts evidence. On direct appeal, Mr. Cromartie also argued that the trial court denied him his right to self-representation and that it incorrectly allowed the other acts evidence. Accordingly, because his petition raised the same issues as his direct appeal, the court correctly determined that those claims were barred.
 {¶ 16} In his Motion for Discovery of the Grand Jury Minutes, Mr. Cromartie raised six more claims. He argued that the court failed to journalize its rulings on the State's pretrial motions, that it forced him to have counsel during witness depositions, that he was incompetent during those depositions, and that the prosecutor engaged in misconduct by filing additional *Page 7 
charges after he posted bail. His other two claims were arguments that the prosecutor presented fraudulent evidence.
 {¶ 17} Regarding his claims that the court failed to journalize its rulings, that the court forced him to have counsel, that the prosecutor should not have been permitted to file additional charges, and that the prosecutor submitted fraudulent documents, Mr. Cromartie has not established that he was unable to raise those claims on direct appeal. Regarding his claim of incompetency, he has argued that his lawyer's affidavit establishes that he was only semiconscious during the depositions. In his affidavit, the lawyer merely stated that, during the depositions, "Mr. Cromartie was withdrawn and, at times, non-responsive to my questions of him regarding occurrences during the depositions." The affidavit is not evidence that Mr. Cromartie was not conscious during the depositions, as he has argued. Accordingly, even if his claim is not barred by res judicata, he has failed to establish any "substantive grounds for relief." See R.C. 2953.21(C) (providing that, before granting a hearing on a petition, the court must determine whether there are substantive grounds for relief).
 {¶ 18} Mr. Cromartie later amended his petition to add a claim of ineffective assistance of counsel. He raised a similar claim, however, on direct appeal. He also added a claim that the trial court judge and prosecutor were in collusion. Even if that were true, he did not offer any evidence from outside the record in support of his claim and, therefore, has not established that he was unable to raise it on direct appeal.
 {¶ 19} Mr. Cromartie's fourth argument concerns his claim that he was denied the right to self-representation. He has argued that his lawyer's affidavit establishes that they did not attempt hybrid representation, as the trial court had accused them of doing. Mr. Cromartie, however, already litigated his self-representation claim on direct appeal. Furthermore, Mr. *Page 8 
Cromartie requested counsel after the court asked him about hybrid representation. Accordingly, the lawyer's explanation of why he thought that the court accused them of hybrid representation is immaterial.
 {¶ 20} His fifth argument is that the State failed to produce any documents in support of its motion to dismiss. He has not cited any authority, however, that the State was required to do so. His sixth argument is a repetition of his claim that the State failed to raise res judicata as a defense to his claim that he was forced to have counsel at the witness depositions. He has also argued that his lawyer's affidavit proves that he asked to represent himself at the depositions. Regardless, the affidavit also states that the court considered Mr. Cromartie's motion for self-representation and denied it at the conclusion of the depositions. He, therefore, has not demonstrated that he could not have raised that issue on direct appeal.
 {¶ 21} His seventh argument is that the State did not raise res judicata as to his tenth claim and that the medical records he submitted demonstrate that he was unconscious 48 hours before the depositions. While he is correct that "[r]es judicata does not bar a [ ] claim for relief when the claim is supported by [evidence] outside the original trial court record," the medical records he submitted do not support his claim. State v. Shirey, 9th Dist. No. 20930, 2002-Ohio-4151, at ¶ 13. Instead, they indicate that Mr. Cromartie pretended to pass out and that any injury he suffered was self-inflicted. This Court, therefore, concludes that the medical records he submitted did not preclude the dismissal of his claim on the basis of res judicata.
 {¶ 22} Mr. Cromartie's eighth argument is that the court and prosecutor worked together to convict him. He has not alleged why he was unable to raise this claim on direct appeal. His ninth argument only raises issues related to his release on bail before trial and does not challenge any of his convictions. Finally, his tenth argument is that the court failed to rule on his *Page 9 
fourteenth claim. Section 2953.21(F) provides that a petitioner may amend his petition "[a]t any time before [an] answer or motion is filed." "[He] may amend the petition with leave of court at any time thereafter." R.C. 2953.21(F). Mr. Cromartie did not file his fourteenth claim until after the State moved to dismiss his petition and did not obtain leave of court to amend his petition further. Accordingly, because he did not properly amend his petition, the trial court did not have to consider his fourteenth claim. Mr. Cromartie's first assignment of error is overruled.
 EVIDENTIARY HEARING {¶ 23} Mr. Cromartie's second assignment of error is that the trial court incorrectly denied him an evidentiary hearing. Section 2953.21(C) provides that, "[b]efore granting a hearing . . ., the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."
 {¶ 24} Mr. Cromartie has argued that the trial court failed to analyze whether he demonstrated a substantive ground for relief. Because it determined that his claims were barred under the doctrine of res judicata, however, it did not have to analyze whether his claims had merit. He has also argued that the court failed to review the affidavits and other evidence he submitted. As this Court has already discussed, none of that evidence established any grounds for relief.
 {¶ 25} Regarding his third claim, Mr. Cromartie has again argued that his lawyer's affidavit establishes why the court stopped the trial and accused him of trying to engage in hybrid representation. As this Court has previously noted, however, Mr. Cromartie subsequently *Page 10 
asked to be represented by counsel. The lawyer's affidavit does not provide any evidence that his request was not voluntary and is, therefore, irrelevant.
 {¶ 26} Regarding his seventh claim, Mr. Cromartie has argued that the record does not contain the letter he wrote to his lawyer asking him to withdraw. He has failed to establish why that letter is material. He has admitted that the court considered his motion and denied it at the conclusion of the witness depositions. This Court concludes that he has not shown that he was unable to challenge the denial of his motion to withdraw on direct appeal.
 {¶ 27} Regarding his tenth claim, he has argued that the State did not offer any evidence to rebut the medical records he submitted. As this Court previously explained, the records do not establish that he was incompetent during the witness depositions. To the contrary, they indicate that he was malingering. Mr. Cromartie, therefore, has failed to establish that the trial court ignored any evidence that established "substantive grounds for relief." R.C. 2953.21(C). His second assignment of error is overruled.
 SUA SPONTE {¶ 28} Mr. Cromartie's third assignment of error is that the trial court incorrectly dismissed his claims on the basis of res judicata sua sponte. He has repeated his argument that the State only raised res judicata as to claim three. For the reasons stated above, his assignment of error is overruled.
 SUMMARY JUDGMENT {¶ 29} Mr. Cromartie's fourth assignment of error is that the trial court incorrectly granted the State summary judgment. Although the State requested summary judgment on his claims "in the alternative," the court dismissed them as barred under the doctrine of res judicata. *Page 11 
Accordingly, because the court did not grant the State summary judgment on Mr. Cromartie's claims, his fourth assignment of error is overruled.
 DEFICIENT JUDGMENT ENTRY {¶ 30} Mr. Cromartie's fifth assignment of error is that the trial court's judgment entry was based on an unreasonable determination of the underlying facts in light of the evidence presented. He has argued that its decision was deficient because it did not determine what parts of the record established res judicata, because it did not consider the allegations made in his petition, and because it ignored the facts that support his claims.
 {¶ 31} Mr. Cromartie's argument merely rehashes his previous assignments of error. The court's judgment entry specifically outlined each of his claims, outlined the law regarding post-conviction relief, and determined that each of his claims was barred under the doctrine of res judicata because they could have been raised on direct appeal. This Court concludes that it was not deficient under Section 2953.21. Mr. Cromartie's fifth assignment of error is overruled.
 CONCLUSION {¶ 32} The trial court properly determined that Mr. Cromartie's claims were barred under the doctrine of res judicata. The judgment of the Medina County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 12 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 CARR, P. J. MOORE, J. CONCUR *Page 1