[Cite as *State v. Smith*, 2019-Ohio-5350.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| STATE OF OHIO, | : | APPEAL NO. C-180439 |
| | | TRIAL NO. B-1506673 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| MAURICE SMITH, | : | |
| Defendant-Appellant. | : | |


| STATE OF OHIO, | : | APPEAL NO. C-180604 |
| | | TRIAL NO. B-1506673 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MAURICE SMITH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: December 27, 2019


*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Maurice Smith,* pro se.

**BERGERON, Presiding Judge.**

{¶1} This pair of appeals traces back to defendant-appellant Maurice Smith's 2016 convictions, where a jury found him guilty of burglary, various drug-related offenses, and tampering with evidence. On direct appeal, we affirmed his convictions but remanded for resentencing to address an allied offenses issue. *See State v. Smith*, 2017-Ohio-8558, 99 N.E.3d 1230 (1st Dist.). During the course of our opinion, we specifically rejected his argument that the trial court erred in failing to address his pro se motions (because counsel represented him). In the wake of our decision, Mr. Smith filed three motions relevant to this appeal, a petition for postconviction relief (with a request for an evidentiary hearing), a motion for leave to file a motion for a new trial, and a motion for a new trial, largely raising issues that we already decided in the direct appeal and without offering any material evidence beyond that before the court at the time of trial. The trial court denied relief, and we affirm its judgments for the reasons explained below.

I.

{¶2} On direct appeal, Mr. Smith asserted two challenges relevant to the appeals at hand: first, that the trial court erred by neglecting to rule on his pro se motions, and second, that his counsel was ineffective by refusing to adopt the pro se motions. *Smith* at ¶ 30, 54. During the trial court proceedings, despite being represented by counsel at all times, Mr. Smith lobbed in numerous pro se motions. *Id.* at ¶ 30. The court declined to rule on these motions because Mr. Smith's counsel refused to adopt them, maintaining that they lacked merit. *Id.* at ¶ 8-11. On appeal, we affirmed the trial court's decision, reasoning that although a defendant indeed enjoys a right to counsel as well as a right to proceed pro se, a defendant retains no right to "hybrid representation" (i.e., acting as his own lawyer while simultaneously

being represented by counsel). *Id.* at ¶ 31. The trial court therefore did not run afoul of any constitutional obligations by declining to address his pro se motions under these circumstances. *Id.* We likewise rejected Mr. Smith's ineffective assistance of counsel claim, finding that counsel's refusal to adopt pro se motions amounted to little more than trial strategy. *Id.* at 57.

{¶3} In his petition for postconviction relief, Mr. Smith attacked the effectiveness of his counsel for, among other things, failing to challenge the credibility of witnesses and neglecting to question the chain of custody concerning pieces of the state's evidence. But most of what he attached to his filing was already in the record during the initial trial proceedings. A few months after this initial motion, Mr. Smith sought to amend his petition, asserting an additional due process claim based upon the court subjecting him to so-called "hybrid representation." Rather than address Mr. Smith's motion to amend, the trial court instead ruled solely on his initial petition for postconviction relief, denying his request based upon res judicata grounds and his failure to muster probative evidence outside of the existing record to support his arguments.

{¶4} Similarly, in his motion for leave to file a motion for a new trial (and his motion for a new trial filed a few days later), Mr. Smith largely parroted these claims, maintaining his counsel exposed him to "hybrid legal representation" and failed to inform him of the filing deadline for a motion for a new trial. But these motions met the same fate as his petition, as the trial court denied them both.

{¶5} Mr. Smith now appeals pro se, challenging both the trial court's order denying his petition for postconviction relief and his motion for leave to file a motion for a new trial (as well as his motion for a new trial). For simplicity's sake, we address the two appeals together, ultimately affirming both of the trial court's orders.

II.

{¶6} Turning first to his petition for postconviction relief, Mr. Smith asserts five assignments of error challenging the court's denial of his petition without an evidentiary hearing, all of which fall into one of two categories—ineffective assistance of counsel or a denial of due process. Because a trial court retains discretion as to whether a defendant should receive an evidentiary hearing before the denial of his petition, we review Mr. Smith's challenges under an abuse of discretion standard. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 52 ("We established in *Calhoun* that a court reviewing the trial court's decision in regard to its gatekeeping function should apply an abuse-of-discretion standard.").

{¶7} R.C. 2953.21 frames our review of a postconviction petition. *See State v. Pickens*, 2016-Ohio-5257, 60 N.E.3d 20, ¶ 7 (1st Dist.) ("R.C. 2953.21 et seq. governs the proceedings on a postconviction petition."). As Mr. Smith properly notes, R.C. 2953.21(A) entitles a defendant to postconviction relief if the petition is timely and the court finds "there was such a denial or infringement of the rights of the [petitioner] as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus; *see* R.C. 2953.21(A)(1)(a). While no one disputes the timeliness of his filing, Mr. Smith overlooks the fact that R.C. 2953.21 does not automatically entitle a defendant to a hearing on his petition. *See State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999) ("According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing."); R.C. 2953.21(D). In fact, before granting a hearing the court must consider whether the defendant sets forth "sufficient operative facts to demonstrate

substantive grounds for relief," considering the record and any evidence attached to the petition (i.e., affidavits, reports, documentary evidence) to make this determination. *State v. Hendrix*, 1st Dist. Hamilton No. C-160887, 2018-Ohio-3754, ¶ 6; R.C. 2953.21(D).

{¶8} If the defendant simply recycles his arguments from direct review, presenting a claim "that was raised or could have been raised" previously without any new evidence, then res judicata generally bars review of the claim in a postconviction proceeding. *See State v. Carter*, 1st Dist. Hamilton No. C-170655, 2019-Ohio-1749, ¶ 12, quoting *Perry* at paragraph nine of the syllabus ("Under the doctrine of res judicata, a judgment of conviction bars a defendant from raising in any proceeding, other than a direct appeal from that judgment, any claim 'that was raised or could have been raised' in the direct appeal."). Of course, res judicata can only bar a postconviction claim if, during direct appeal, the matter "could fairly have been determined" based only upon the trial record and with no need of external evidence. *Carter*, citing *Perry* at paragraph nine of the syllabus ("Thus, res judicata bars a postconviction claim that could fairly have been determined in the direct appeal, based upon the trial record and without resort to evidence outside the record.").

{¶9} While difficult to decipher, Mr. Smith's first four assignments of error in essence challenge the trial court's order denying his petition without an evidentiary hearing, arguing that the use of so-called "hybrid representation" violated his rights to due process and the effective assistance of counsel, as well as asserting his counsel was ineffective for failing to question the chain of custody regarding certain evidence at trial. Mr. Smith now wields the "hybrid representation" language from our opinion in the hopes of trying to fashion a new

5

right to support his postconviction petition—the right to not be subject to "hybrid representation." *See Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, at ¶ 31.

{¶10} But, of course, he was not subjected to hybrid representation at all— we explained that he had no *right* to such representation. Thus, the premise of his arguments rests on a fundamental misunderstanding of the concept of "hybrid representation." But no matter the precise contours of Mr. Smith's argument, res judicata bars all of his postconviction claims as to his representation at trial and his pro se motions. In fact, on direct appeal, this court addressed Mr. Smith's challenges to the trial court by its refusal to rule upon his pro se motions, as well his argument that trial counsel was ineffective for failing to adopt his pro se motions. *See id.* at ¶ 30-34, 57 ("Once Smith's counsel determined the motion was meritless, the trial court did not err by failing to address Smith's pro se motion."). We see no issue in his appellate brief or underlying motion on this topic that could not "fairly have been determined" on direct appeal without reference to outside evidence (none of which Mr. Smith provides anyway).

{¶11} The same holds true for his ineffective assistance claim because Mr. Smith does not rely on evidence outside of the trial record to attempt to demonstrate the ineffectiveness of his trial counsel.[1] *See State v. Gholston*, 1st Dist. Hamilton No. C-020557, 2003-Ohio-2758, ¶ 10, citing *State v. Cole*, 2 Ohio St.3d 112, 113-114, 443 N.E.2d 169 (1982) (holding that defendant's ineffective assistance of counsel claim was not subject to dismissal under res judicata because "[the defendant] offered

---

[1] Similar to his "hybrid representation" argument, we also hold res judicata bars Mr. Smith's claim that his counsel was ineffective for failing to question the chain of custody of certain narcotic evidence used at trial. Once again, Mr. Smith does not rely upon any evidence outside of the trial record to support his claim, and he possessed the opportunity to raise this alleged failure on direct appeal, adding it to the litany of challenges to his trial counsel's representation. *See Smith* at ¶ 53-58.

outside evidence in support of his postconviction challenge to trial counsel's performance, and * * * the claim depended for its resolution upon such evidence.").

{¶12} Therefore, because this court already determined, or could have determined, these ineffective assistance of counsel issues on direct appeal, res judicata bars Mr. Smith's postconviction claims for relief. Accordingly, we overrule the first four assignments of error, holding the court did not abuse its discretion in denying Mr. Smith's petition without an evidentiary hearing.

{¶13} Turning to Mr. Smith's final assignment of error, he seemingly raises a due process issue, insisting that the trial court denied him due process when it failed to rule on his motion to amend his petition. Generally, when a trial court fails to rule on a pending motion, we presume the court elected to overrule it. *See State v. Guenther*, 9th Dist. Lorain No. 06CA008914, 2007-Ohio-681, ¶ 12 ("We presume by the trial court's silence that Appellant's motion for leave to amend his petition for post-conviction relief was denied."). We accordingly presume that the trial court denied Mr. Smith's motion to amend his petition and see no error in this decision since the motion to amend raises the same "hybrid representation" argument we just discussed above. *See State v. Campbell*, 8th Dist. Cuyahoga No. 99936, 2014-Ohio-499, ¶ 19 (holding that because "[n]one of the proposed amendments would have raised issues that were not barred by res judicata," the court did not abuse its discretion in failing to rule on the motion to amend prior to dismissal).

{¶14} We accordingly overrule all five of Mr. Smith's assignments of error and affirm the trial court's order denying his petition for postconviction relief.

III.

{¶15} We now consider Mr. Smith's appeal of the trial court's order denying his motion for leave to file a motion for a new trial and motion for a new trial, which

7

we again review under an abuse of discretion standard. *See State v. Thomas*, 2017-Ohio-4403, 93 N.E.3d 227, ¶ 2 (1st Dist.). Mr. Smith presents two assignments of error, in essence asserting the trial court erred in denying his motions when he set forth sufficient grounds—ineffective assistance of counsel and noncompliance with Crim.R. 44—for a new trial. While Mr. Smith's motion for leave below argued ineffective assistance of counsel, his claim that the trial court's failure to obtain a waiver of counsel pursuant to Crim.R. 44 entitles him to a new trial surfaced for the first time on appeal. Because Mr. Smith did not present this argument to the trial court below, he waived his right to raise it for the first time on appeal. *See State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993) ("A party who fails to raise an argument in the court below waives his or her right to raise it [on appeal]."). And even if we did entertain Mr. Smith's Crim.R. 44 argument, as discussed below, it would nevertheless fail.

{¶16} Notably, Crim.R. 33(A) permits a court to grant a new trial under any one of six enumerated grounds. Relevant to Mr. Smith's case here, both ineffective assistance of counsel and violations of Crim.R. 44 fall within Crim.R. 33(A)(1) as grounds for a new trial. *See State v. Hedgecoth*, 1st Dist. Hamilton No. C-020480, 2003-Ohio-3385, ¶ 21 ("[T]his court has previously held that a defendant may validly assert the denial of the effective assistance of counsel as grounds for a new trial under Crim.R. 33(A)(1)[.]"); *State v. Campbell*, 132 Ohio App.3d 880, 883, 726 N.E.2d 615 (3d Dist.1999) ("Because this procedural rule bears on a defendant's constitutionally protected right to have the assistance of counsel, a defendant tried in violation of the protections afforded by Crim.R. 44 could not have been tried fairly."). But time restraints govern a motion for a new trial on Crim.R. 33(A)(1) grounds, generally requiring that the motion be filed within 14 days after the verdict. *See*

Crim.R. 33(B) ("Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered[.]").  A defendant may effectively extend the limitations period under certain circumstances by showing "clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial[.]" Crim.R. 33(B); *State v. Campbell*, 2019-Ohio-3142, ____N.E.3d____, ¶ 31 (1st Dist.).

{¶17}  Because Mr. Smith filed outside the 14-day period (late by almost two years), he needed to show that he was unavoidably prevented from filing his motion for a new trial.  However, his appeal and motions below are absolutely devoid of any explanation as to why he was unavoidably prevented from filing for nearly two years.  Accordingly, because the trial court had no (let alone clear and convincing) evidence to find unavoidable prevention from filing a timely motion for a new trial, the court did not err in denying leave to file the motion for a new trial and the motion for a new trial.  We accordingly overrule Mr. Smith's two assignments of error.

IV.

{¶18}  In the appeal numbered C-180439 we overrule Mr. Smith's five assignments of error and affirm the trial court's order denying his petition for postconviction relief.  In the appeal numbered C-180604, we overrule Mr. Smith's two assignments of error and affirm the trial court's order denying his motion for leave to file a motion for a new trial and his motion for a new trial.

Judgments affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:
   The court has recorded its own entry this date.