**[Cite as *State v. Smith*, 2022-Ohio-12.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210267 |
| | | TRIAL NO. B-1506673 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| MAURICE SMITH, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  January 5, 2022

*Joseph T. Deters,* Hamilton County Prosecuting Attorney*,* and *Sean Donovan,* Assistant Prosecuting Attorney*,* for Plaintiff-Appellee,

*Maurice Smith,* pro se.

**BOCK, Judge.**

{¶1} Defendant-appellant Maurice Smith appeals the common pleas court's judgment denying his postconviction "Motion for Summary Judgment to Vacate Judgment and Sentence." We affirm the trial court's judgment as modified.

## I. Procedural Posture

{¶2} A jury convicted Smith of burglary, possession of cocaine, tampering with evidence, trafficking in cocaine, and possession of marijuana. This court twice remanded on direct appeal, ordering the trial court to merge allied offenses of similar import and to make findings for consecutive sentences. *State v. Smith*, 2017-Ohio-8558, 99 N.E.3d 1230, ¶ 65 (1st Dist.); *State v. Smith*, 1st Dist. Hamilton No. C-180165 (April 10, 2019). Following resentencing, Smith stood convicted of burglary, tampering with evidence, trafficking in cocaine, and possession of marijuana.

{¶3} While his first direct appeal was pending, Smith unsuccessfully petitioned the common pleas court for postconviction relief. *State v. Smith*, 1st Dist. Hamilton Nos. C-180439 and C-180604, 2019-Ohio-5350, ¶ 3. Smith argued that he was denied his Sixth Amendment right to the effective assistance of trial counsel. *Id.* On appeal, this court affirmed the denial of the petition, holding that Smith's claims were barred under the doctrine of res judicata. *Id.* at ¶ 12.

{¶4} In January 2021, Smith filed another motion seeking postconviction relief from his conviction. He argued that, because the police officer who arrested him had failed to allege facts in his complaint that constituted cocaine trafficking or marijuana possession, the trial court lacked subject-matter jurisdiction to convict him of those charges. The common pleas court reviewed the motion as a petition for

postconviction relief and, in a two-sentence judgment entry, denied the motion. Smith appeals.

## II.     Law and Analysis

{¶5}     Smith raises on appeal three assignments of error. In his first assignment of error, he argues that the common pleas court abused its discretion in denying his motion to vacate his convictions because the court lacked "authority and subject-matter jurisdiction" to rule on the motion. In his second and third assignments of error, he challenges the denial of the motion without an evidentiary hearing or findings of fact and conclusions of law. We address the assignments of error together and hold that they are not well taken.

{¶6}     In his motion, Smith did not designate a statute or rule under which the common pleas court may have afforded the relief sought. Thus, the court "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶7}     Ohio's postconviction statutes govern the right of an individual convicted of a crime to challenge a criminal conviction or sentence. *See* R.C. 2953.21 through R.C. 2953.23. Convicted people may "file a petition in the court that imposed sentence," asserting a violation of their rights that renders their convictions void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A)(1)(a)(i). Smith's motion sought relief from his convictions based on an alleged constitutional violation during the proceedings resulting in those convictions. Therefore, the common pleas court properly reviewed the motion under the standards provided by the postconviction statutes.

3

{¶8} A postconviction petition must be filed within 365 days after "the trial transcript is filed in the court of appeals in the direct appeal." R.C. 2953.21(A)(2)(a). A court lacks jurisdiction to entertain an untimely "or a second petition or successive petitions for similar relief" unless it falls under one of two statutory exceptions. R.C. 2953.23(A). Smith's petition was successive to his 2018 petition for postconviction relief, requiring him to satisfy one of the two statutory exceptions.

{¶9} Under the first exception, Smith must show that his postconviction claim relies on either facts that he "was unavoidably prevented from discover[ing]" or "a new federal or state right [recognized by the United States Supreme Court] that applies retroactively" to him. R.C. 2953.23(A)(1)(a). If Smith clears that bar, he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty." R.C. 2953.23(A)(1)(a). The second exception applies when the postconviction claim relies on DNA testing that establishes, by clear and convincing evidence, the convicted person's actual innocence. R.C. 2953.23(A)(2).

{¶10} Smith's postconviction claim did not rely on DNA testing or a new right recognized by the United States Supreme Court. Therefore, the common pleas court could have entertained his late and successive claim only if he showed that his claim relied on facts that he was "unavoidably prevented from discover[ing]." R.C. 2953.23(A)(1)(a). But Smith's postconviction claim relied on the complaints and affidavit filed by the arresting officer in 2015. And the record does not otherwise show that Smith was unavoidably prevented from discovering those facts. Therefore, Smith failed to satisfy the R.C. 2953.23(A) jurisdictional requirements for filing a successive postconviction petition.

## Conclusion

{¶11} Because the common pleas court had no jurisdiction to entertain Smith's postconviction claim, his petition was subject to dismissal without an evidentiary hearing or findings of fact and conclusions of law. *See* R.C. 2953.21(H) and 2953.23(A); *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6. Accordingly, we overrule the assignments of error. Pursuant to App.R. 12(A)(1)(a), we modify the judgment appealed to reflect a dismissal of the petition. And we affirm the judgment as modified.

Judgment affirmed as modified.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion