[Cite as *State v. Smith*, 2024-Ohio-5833.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240252 |
| | | TRIAL NO. B-1506673 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| MAURICE SMITH, | : | *O P I N I O N* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 13, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Maurice Smith*, pro se.

**BOCK, Presiding Judge.**

**{¶1}** Defendant-appellant Maurice Smith appeals the common pleas court's judgment denying his Crim.R. 33(B) motion for leave to file a motion for a new trial based on newly discovered evidence. Because Smith cannot show that he was unavoidably prevented from discovering this evidence until recently, we affirm the court's judgment.

## I.  *Factual and Procedural History*

**{¶2}** In October 2016, following a jury trial, Smith was found guilty of burglary, tampering with evidence, and three drug offenses. This court twice remanded on direct appeal, ordering the trial court to merge allied offenses of similar import and to make findings for consecutive sentences. *State v. Smith*, 2017-Ohio-8558, ¶ 65 (1st Dist.); *State v. Smith*, 2019 Ohio App. LEXIS 1436 (1st Dist. Apr. 10, 2019). Following resentencing, Smith stood convicted of burglary, tampering with evidence, trafficking in cocaine, and possession of marijuana, and is currently serving an aggregate 16-year prison term. He has unsuccessfully petitioned the common pleas court twice for postconviction relief. *State v. Smith*, 2019-Ohio-5350 (1st Dist.) (alleging ineffective assistance of counsel); *State v. Smith*, 2022-Ohio-12 (1st Dist.) (challenging trial court's subject-matter jurisdiction based on alleged defects in the complaints and affidavits filed by the arresting officer).

**{¶3}** In April 2024, Smith filed a delayed motion for a new trial, arguing that the State had suppressed the felony-criminal record of a State's witness, B.M., who had been living in the apartment that was burglarized. Smith argues that this evidence could have been used to impeach B.M.'s testimony at trial. In support of his motion, Smith attached (1) a copy of B.M.'s felony record, which he obtained from a recent public-records request, demonstrating that B.M. had a felony drug conviction and was

on "ISP probation" at the time of Smith's crimes; (2) Smith's discovery demand submitted before trial and the State's response, which indicated that it would turn over the "Witness' Prior Admissible Criminal Record Per Evidence Rule 609: If the matter proceeds to trial, records will be obtained and provided"; and (3) a portion of the trial transcript reflecting B.M.'s testimony admitting that he used to "deal drugs," but no longer does, and admitting that he previously was convicted of a felony drug offense.

{¶4} After reviewing these materials, the common pleas court summarily denied Smith's motion for leave to file a new-trial motion based on newly discovered evidence. Smith now appeals.

## II. *Law and Analysis*

{¶5} In a single assignment of error, Smith argues that the common pleas court abused its discretion, and thus denied him due process, by denying his motion for leave to file a new-trial motion. We disagree.

{¶6} An appellate court reviews the denial of a Crim.R. 33(B) motion for an abuse of discretion. *State v. Smith*, 2023-Ohio-3954, ¶ 6 (1st Dist.), citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. "A court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶7} A defendant must file a new-trial motion based on newly discovered evidence within 120 days of the verdict, unless the defendant offers "clear and convincing proof" that the defendant was unavoidably prevented from filing the motion. Crim.R. 33(B). "Unavoidably prevented" means both that the defendant had no knowledge of the basis supporting the new-trial motion and, exercising reasonable diligence, could not have discovered its existence within 120 days of the verdict. *State v. McKnight*, 2021-Ohio-2673, ¶ 11 (4th Dist.), citing *State v. Walden*, 19 Ohio App.3d

141, 145-146 (10th Dist. 1984).

**{¶8}** Smith argues that he was unavoidably prevented from discovering evidence that supported the fact that B.M., one of the State's witnesses, had a felony conviction and was on probation at the time of Smith's crimes until he came across it when reviewing the response to a recent public-records request. Smith maintains that because the State had promised to turn over all criminal records of its witnesses if the case proceeded to trial and because the State allegedly failed to do so, the State effectively suppressed evidence of B.M.'s criminal record in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

**{¶9}** But there is no *Brady* violation where evidence is disclosed or introduced during trial. *State v. Collins*, 2020-Ohio-4136, ¶ 14 (8th Dist.). Here, B.M. testified at trial that he had a felony drug conviction, so Smith may not rely on the fact that the State suppressed evidence to demonstrate that he was unavoidably prevented from discovering the grounds upon which he now relies to support a new-trial motion. To the extent that Smith is arguing that he needed more information about B.M.'s criminal conviction, we note that he had the opportunity at trial to explore that issue or follow up on his discovery request. Simply because Smith did not do so at that time does not mean that he was unavoidably prevented from discovering B.M.'s criminal record (his conviction and sentence) within the applicable time frame to file a motion for a new trial.

**{¶10}** Because Smith was aware of B.M.'s criminal record at the time of trial, he cannot show that he was unavoidably prevented from discovering this evidence until recently. Accordingly, we hold that the common pleas court did not abuse its discretion in denying Smith's Crim.R. 33(B) motion for leave to file a motion for a new trial. We overrule Smith's single assignment of error.

### *III.    Conclusion*

**{¶11}**  We affirm the judgment of the common pleas court.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.